# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br><br> RICHELLE LEE FERNANDEZ (01), <br><br> Defendant. | CASE NO. 11cr1477-MMA-1 <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE** <br><br> [Doc. No. 49] |

On May 3, 2011, pursuant to a written plea agreement, Defendant Richelle Lee Fernandez pleaded guilty to Count One of a two-count Information for importing .98 kilograms of heroin, a Schedule I Controlled Substance, into the United States from a place outside thereof, in violation of Title 21 of the United States Code, sections 952 and 960. *See Plea Agreement*, Doc. No. 21. The Court sentenced Defendant on September 26, 2011, to 60 months imprisonment, 4 years of supervised release, no fine, and a $100 penalty assessment. *See Judgment*, Doc. No. 47. Defendant has filed a pre-typed, form motion, requesting the Court reduce her sentence of imprisonment pursuant to Title 18 of the United States Code, section 3852(c)(2) and the United States Sentencing Guidelines, sections 1B1.10(c) and 4A1.2(a)(2), as modified by Amendment 12. *See Motion*, Doc. No. 49. For the reasons set forth below, the Court **DENIES** the motion.

## DISCUSSION

On June 17, 2011, United States Probation filed a Pre-Sentence Report ("PSR") which, *inter alia*, detailed Defendant's criminal history. *See* Doc. No. 32. According to the PSR, Defendant suffered three prior criminal convictions. On October 1, 1997, Defendant pleaded no contest to one misdemeanor count of telephone harassment and one misdemeanor count of threat against life or property, in Salt Lake City, Utah. *See PSR*, 5. Because of the age of the conviction, it did not contribute to her criminal history score. *See United States Sentencing Guidelines* ("USSG") § 4A1.2(e)(3). On April 14, 2004, Defendant pleaded guilty to one misdemeanor count of attempted forgery, in West Valley City, Utah, for which she received a sentence of 365 days jail, 361 days suspended, and twelve months probation. *Id*. at 6. This conviction scored 1 point, pursuant to section 4A1.1(c) of the Guidelines. On June 5, 2002, Defendant pleaded guilty to one misdemeanor count of attempted forgery and one misdemeanor count of providing false information to a police officer. *Id*. This conviction also scored 1 point under section 4A1.1(c), resulting in a total criminal history score of 2 points, placing Defendant in a Criminal History Category II. *Id*. at 7.

Based on her criminal history and an adjusted offense level of 27, Probation calculated Defendant's guideline range as 78 to 97 months, and recommended a sentence of 78 months imprisonment. The PSR noted that Defendant was not eligible for safety valve relief, due in part to her criminal history score and category, and therefore faced a statutory mandatory minimum of 60 months. *See PSR*, 14, citing 21 U.S.C. § 960(b)(2) ("In the case of a violation . . . of this section involving . . . 100 grams or more of a mixture or substance containing a detectable amount of heroin . . . the person committing such violation shall be sentenced to a term of imprisonment of not less than 5 years . . ."). Pursuant to the terms of the plea agreement, the parties stipulated to an adjusted offense level of 23, with a guideline range of 51 to 63 months. Constrained by the statutory mandatory minimum, the parties recommended a sentence of 60 months, which the Court imposed. *See* Doc. Nos. 34, 37, 47.

Defendant now argues that Amendment 12 to section 4A1.2(a)(2) of the Guidelines should have been applicable to the calculation of her criminal history score. Defendant requests that the

Court apply Amendment 12 to reduce her criminal history score to 1 point, placing her in a Criminal History Category I, and re-sentence her under 18 U.S.C. § 3582(c)(2), which provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Amendment 12, adopted by the United States Sentencing Commission and effective November 1, 2007, addresses the computation of criminal history scores in two areas: (1) the counting of multiple prior sentences as "single" or "separate" sentences (previously called "related sentences") and (2) the counting of certain misdemeanor or petty offenses subject to a probationary term. *See* 72 Federal Register 28576.

Defendant's motion is without merit for two primary reasons. First, the sentencing range upon which the Court based Defendant's sentence has not "*subsequently*" been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Amendment 12 was promulgated and in effect on the date of Defendant's sentencing. Thus, its provisions were taken into account when her criminal history score was calculated.

Second, Defendant's criminal history points were properly calculated in the first instance. Defendant appears to be arguing that the second of her two scoring misdemeanor convictions (for attempted forgery and providing false information to a police officer) should not have been counted. The result would have been a criminal history score of 1 point and a category I. However, both convictions score. Amendment 12's provisions have no impact on the calculation of Defendant's criminal history score because although the two sentences she received were for offenses that were not separated by an intervening arrest, the sentences were properly counted as separate sentences as they were charged separately and the sentences were imposed on different dates. *See USSG* § 4A1.2(a)(2) ("If there is no intervening arrest, prior sentences are counted

separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.)

## **CONCLUSION**

In sum, Defendant is not entitled to the relief she seeks. Her criminal history score and category, which she did not challenge at the time of sentencing, were correctly determined. Accordingly, the Court **DENIES** Defendant's motion to modify or reduce her sentence.

**IT IS SO ORDERED**.

DATED: August 20, 2012

Hon. Michael M. Anello
United States District Judge